# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA REYES,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:18-cv-00749-SAB<br><br>ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL<br><br>(ECF Nos. 15, 16) |

## I.
## INTRODUCTION

Sylvia Reyes ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

Plaintiff suffers from major depressive disorder and borderline personality disorder. For the reasons set forth below, Plaintiff's Social Security appeal shall be denied.

/ / /

/ / /

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (See ECF Nos. 6, 9.)

1

# II.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on September 4, 2015. (AR 84.) Plaintiff's application was initially denied on May 13, 2016, and denied upon reconsideration on August 1, 2016. (AR 100-104, 108-112.) Plaintiff requested and received a hearing before Administrative Law Judge Scot Septer ("the ALJ"). Plaintiff appeared for a hearing on September 12, 2017. (AR 32-73.) On December 6, 2017, the ALJ found that Plaintiff was not disabled. (AR 13-26.) The Appeals Council denied Plaintiff's request for review on April 3, 2018. (AR 1-3.)

### A. ALJ Findings

The ALJ made the following findings of fact and conclusions of law.

- Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2014.
- Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of August 16, 2012, through her date last insured of September 30, 2014.
- Through the date last insured, Plaintiff had the following severe impairments: major depressive disorder and borderline personality disorder.
- Through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.
- After careful consideration of the entire record, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: Plaintiff can perform jobs of a non-complex nature requiring the performance of no more than simple and repetitive tasks. She is able to adapt to change in the work place on a frequent basis.
- Through the date last insured, Plaintiff was unable to perform any past relevant work.
- Plaintiff was born on January 11, 1962, and was 52 years old which is defined as an individual closely approaching advanced age on the date last insured.
- Plaintiff has at least a high school education and is able to communicate in English.

- Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is not disabled whether or not she has transferable job skills.
- Through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.
- Plaintiff was not under a disability, as defined in the Social Security Act, at any time from August 16, 2012, the alleged onset date, through September 30, 2014, the date last insured.

(AR 18-25.)

## III.

## LEGAL STANDARD

To qualify for disability insurance benefits under the Social Security Act, the claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five-step sequential evaluation process to be used in determining if a claimant is disabled. 20 C.F.R. § 404.1520; Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not,

1 proceed to step five.

2 Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In reviewing findings of fact in respect to the denial of benefits, this court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

**IV.**

**DISCUSSION AND ANALYSIS**

Here, Plaintiff contends that the ALJ erred by failing to include all Dr. Funkenstein's moderate limitations in the residual functional capacity. Defendant counters that Dr. Funkenstein only found moderate limitations to exist after the date last insured and that Dr.

4

Funkenstein found that there was no evidence of any mental impairments prior to her date last insured. Defendant further argues that the ALJ adequately compensated for any moderate limitations in the residual functional capacity findings.

The weight to be given to medical opinions depends upon whether the opinion is proffered by a treating, examining, or non-examining professional. See Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). "Generally, the opinions of examining physicians are afforded more weight than those of non-examining physicians, and the opinions of examining non-treating physicians are afforded less weight than those of treating physicians. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(1)-(2)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)(3)). The contrary opinion of a non-examining expert is not sufficient by itself to constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, however, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ need not accept the opinion of any physician that is brief, conclusory, and unsupported by clinical findings. Thomas, 278 F.3d at 957.

A claimant's RFC is "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). The RFC is "based on all the relevant evidence in [the] case record." 20 C.F.R. § 416.945(a)(1). "The ALJ must consider a claimant's physical and mental abilities, § 416.920(b) and (c), as well as the total limiting effects caused by medically determinable impairments and the claimant's subjective experiences of pain, § 416.920(e)." Garrison, 759 F.3d at 1011. At step four the RFC is used to determine if a claimant can do past relevant work and at step five to determine if a claimant can adjust to other work. Id. "In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas, 278 F.3d at 956. However, the residual functional capacity findings need not be identical to the

relevant limitations but must be consistent with them. Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223 (9th Cir. 2010).

On May 2, 2016, Dr. Calway-Fagen performed a psychiatric review for the agency. (AR 80-81.) Dr. Calway-Fagen opined that Plaintiff had affective disorder and personality disorder. (AR 80.) She found that there was insufficient evidence to make a determination regarding Plaintiff's restrictions of activities of daily living, difficulties in maintaining social functioning, difficulties in maintaining concentration, persistence and pace, and that there were no repeated episodes of decompensation of an extended duration. (AR 80-81.) Dr. Calway-Fagen found that there was insufficient evidence to evaluate the section A and B criteria. (AR 81.)

On reconsideration, Dr. Funkenstein performed a two-part psychiatric review on July 28, 2016. (AR 91-94.) In the first part, Dr. Funkenstein agreed with the prior finding that there was insufficient evidence to evaluate the section A and B criteria for the period prior to the date last insured. (AR 91-92.)

Plaintiff had filed an application for disability insurance pursuant to Title II of the Social Security Act on September 4, 2015. In part 2 of the evaluation, Dr. Funkenstein also performed a psychiatric review for this period after the date last insured. (AR 92-94.) For this period of time, Dr. Funkenstein found that Plaintiff had mild restrictions in activities of daily living and social functioning, and moderate difficulties in maintaining concentration, persistence, and pace. (AR 93.)

For the period after the date last insured, Dr. Funkenstein found that Plaintiff was not significantly limited in her ability to remember locations and work-like procedures, and to understand and remember very short and simple or detailed instructions. (AR 95-96.) Dr. Funkenstein found that Plaintiff can understand and remember simple and detailed tasks but not multi-step complex tasks. (AR 96.) Plaintiff was not significantly limited in her ability to carry out very short and simple or detailed instructions, to sustain an ordinary routine without special supervision, to work in coordination with or proximity to others without being distracted by them, and to make simple work-related decisions. (AR 96.) Plaintiff was moderately limited in her ability to maintain attention and concentration for extended periods; to perform activities

within a schedule, maintain regular attendance, and be punctual within customary tolerances. (AR 96.) Although Plaintiff had moderate limitations in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, she did retain concentration, persistence, and pace for these tasks. (AR 96.) Plaintiff had no limitations in social interaction. (AR 96.) Plaintiff was not significantly limited in her ability to be aware of normal hazards and to take appropriate precautions, to travel in familiar places or use public transportation, or to set realistic goals or make plans independently of others. (AR 96.) She was moderately limited in her ability to respond appropriately to changes in the work setting but she can adapt to routine change. (AR 96-97.)

The ALJ considered that prior to the date last insured, Plaintiff

> received treatment for mood disorder, major depressive disorder, anxiety disorder, borderline personality disorder, and alcohol dependence. From August 3, 2012 through August 9, 2012 the claimant received hospital treatment for depression and possible personality disorder Exhibit IF p. 24. She had a history of depression Exhibit 1 F p. 24. She voluntarily admitted herself for treatment of suicidal ideation and depression Exhibit IF p. 23. She had been taking Cymbalta Exhibit IF p. 22. Upon discharge she was on Wellbutrin Cymbalta and Vistaril and she was clinically stable Exhibit IF p. 20. She was diagnosed with major depressive disorder borderline personality disorder and dependent traits Exhibit IF p. 16. From January 11, 2014 to January 15, 2014, the claimant received hospital treatment for major depressive disorder Exhibit 3F p. 143. She was assigned a global assessment of functioning GAF of 55 indicating moderate symptoms Exhibit 3F p. 143. On April 17, 2015, the claimant denied trying to injure herself after 2012 Exhibit 3F p. 183. Treating psychiatrist Yelizaveta Sher M.D. diagnosed the claimant with major depressive disorder anxiety and borderline personality disorder Exhibit 8F p. 50.

(AR 22-23.[2])

The ALJ also considered that

> After her date last insured the claimant sought specialized mental health treatment on May 29, 2015 Exhibit 2F pp. 12 6. She was taking Prozac Wellbutrin XL Trazodone and hydrochloride. On November 2, 2016, the claimant reported that her mental health was fine Exhibit 19F p. 10. The claimant was hospitalized from March 1, 2017 through March 10, 2017 due to suicidal ideation and was kept on an involuntary hold. She had run out of medications and she was restarted on Wellbutrin XL and continued on Prozac Exhibit 19F p. 7. On August 30, 2017, the claimant reported that she was seeing her neurologist every month. She reported that she was occasionally compliant with her psychotropic medications

---

[2] Plaintiff stipulates that the ALJ properly summarized the medical records in the file. (ECF No. 15 at 4.)

7

|  |  |
|---|---|
| 1 | but she denied depression and reported that all of her problems were physical Exhibits 18F p. 3 19F p. 3. She was diagnosed with major depressive disorder personality disorder and benzodiazepine abuse Exhibits 18F p. 4 19F p. 4. The claimant had issues with compliance with mental health treatment but she was stable on her medications Exhibit 19F p. 6. |

(AR 23.)

The ALJ considered the medical opinions in the record. (AR 23-24.)

> On May 2, 2016, after a review of the medical record, State agency medical consultant psychologist Norma Calway-Fagen, Ph.D. opined that there was insufficient evidence of a severe mental impairment prior to the claimant's date last insured on September 30, 2014 Exhibit 1 A p. 8. On July 28, 2016, after a review of the medical record State agency medical consultant psychiatrist D. Funkenstein M.D. opined that there was insufficient evidence of a severe mental impairment prior to the claimant's date last insured on September 30, 2014 Exhibit 3A p. 8. These opinions were given substantial weight because they were consistent with the medical record and overall evidence of record.

(AR 24.)

Plaintiff argues that the ALJ failed to credit the moderate limitations opined by Dr. Funkenstein, however, Dr. Funkenstein did not find evidence of such limitations prior to Plaintiff's date last insured. (AR 91-92.) Only disabilities that exist before the date last insured can trigger insurance benefits." Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir. 1984). The ALJ correctly noted that none of the physicians found evidence of any limitations prior to the date last insured. (AR 24.) The ALJ did not reject the opinion of Dr. Funkenstein. Plaintiff points to no evidence in the record prior to the date last insured that would support her argument that moderate limitations existed during the insured period. The opinions of Dr. Calway-Fagen and Dr. Funkenstein are substantial evidence to support the ALJ's findings.

Further, the ALJ incorporated the only limitations opined by Dr. Funkenstein for the time after the date last insured. Although Plaintiff argues that the moderate limitations opined by Dr. Funkenstein were not included in the residual functional capacity assessment, Dr. Funkenstein opined after the date last insured, Plaintiff had only mild restrictions in activities of daily living and moderate difficulties in maintaining concentration, persistence, and pace. (AR 93.) In considering this later time period, Dr. Funkenstein opined that Plaintiff was able to maintain persistence, concentration, and pace despite her moderate limitations. (AR 96-97.)

Plaintiff argues that this case is similar to Tremayne v. Astrue, No. CIV 08-2795 EFB,

2010 U.S. Dist. LEXIS 30317 (E.D. Cal. Mar. 29, 2010), Moore v. Astrue, No. 2:10-cv-02477 KJN, 2012 U.S. Dist. LEXIS 27224 (E.D. Cal. Feb. 29, 2012); and Jackson v. Berryhill, No. CV 16-07543 (JDE), 2017 U.S. Dist. LEXIS 103705 (C.D. Cal. July 5, 2017), where in each case the Court found that the ALJ had not considered the moderate mental limitations contained in the record. However, the Court finds these cases to be distinguishable.

First, none of these cases address a similar situation to here where there are two separate periods of disability that are being evaluated and the plaintiff has failed to provide evidence to support any limitations in the initial period. "The claimant bears the burden of proving that she is disabled." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (quoting Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999)). Second, in none of the cases cited by Plaintiff did the opining physician make a similar finding to that here, that despite the claimant's moderate limitations, she retained the persistence, concentration, and pace to perform the required tasks. (AR 96-97.)

Although Drs. Calway-Fagen and Funkenstein found no evidence that Plaintiff had any mental limitations prior to the date last insured, after considering the record as a whole, the ALJ included some mental limitations in the residual functional capacity assessment. The ALJ's interpretation of the medical evidence is reasonable and supported by substantial evidence in the record and it is not this Court's role to second-guess it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954. The Court finds that Plaintiff did not err in considering the moderate limitations opined by Dr. Funkenstein.

**V.**

**CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ did not err by failing to include moderate limitations that were found by Dr. Funkenstein after the date last insured.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security is DENIED. It is FURTHER ORDERED that judgment be

9

entered in favor of Defendant Commissioner of Social Security and against Plaintiff Sylvia Reyes. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: **April 24, 2019**

_____
UNITED STATES MAGISTRATE JUDGE